| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2021
Nathan Ochsner, Clerk

Nicolette Guidry, §
§
§
Plaintiff, §
§
versus §   Civil Action H-20-309
§
Houston Livestock Show and Rodeo, Inc., §
§
Defendant. §

## Opinion on Summary Judgment

1. *Background.*

    On June 25, 2015, Houston Livestock Show and Rodeo, Inc., hired Nicolette Guidry as an assistant manager.

    In July 2015, David Simpson – Guidry's manager and supervisor – began making inappropriate comments toward her. Over the next year, Simpson continued to act inappropriately toward Guidry and other employees.

    On December 15, 2017, Guidry formally complained about Simpson. Houston Livestock promptly investigated the complaints and fired Simpson – all within one month. Houston Livestock then promoted Guidry to Simpson's former position and gave her a raise.

    In February and March 2018, multiple employees formally complained about Guidry. Houston Livestock investigated these complaints, including interviewing Guidry and nine other employees.

    On April 12, 2018, Houston Livestock fired Guidry based on poor job performance and for violating company policies. Guidry filed a charge of discrimination with the Equal Employment Opportunity Commission in response. The charge was dismissed as unsupported by the evidence.

On January 27, 2020, Guidry sued for sexual harassment and retaliation under Title VII. Houston Livestock has moved for summary judgment. It will prevail.

2. *Sexual Harassment.*

To succeed on a sexual harassment claim, Guidry must show that: (a) she belongs to a protected group; (b) she was the victim of unwelcomed sexual harassment; (c) because she was a woman; and (d) the harassment affected a term, condition, or privilege of her job.[1]

Guidry says that Simpson harassed her and that Houston Livestock knew about it in early 2017 because that was when she first reported it. She claims that Houston Livestock did nothing about her complaint for a year. She also says that other employees had reported Simpson for similar conduct before she did.

Guidry gives no evidence to support this claim. She says that she reported Simpson in early 2017 but gives nothing to show that a formal complaint was made or even one that Houston Livestock was aware. Merely saying that other employees had reported Simpson – without evidence – is insufficient. As plaintiff, it is Guidry's burden to prove her case. The facts actually show that she made a formal complaint in December 2017 and that Guidry investigated and fired Simpson within a month. It is clear to the court that this is a prompt remedial action.

Guidry also cannot show that Simpson's acts toward her were based on her being a female. She admits in her own deposition that Simpson acted inappropriately around many employees – both male and female.

Because Guidry cannot show that the harassment was based on her sex, her claim fails.

---

[1] *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013).

3. *Retaliation.*

To succeed on Title VII retaliation claim, Guidry must show that (a) she engaged in a protected activity; and (b) was subjected to an adverse employment action; (c) that was causally linked.[2]

Guidry says that she was fired because she complained about Simpson's actions. She argues that Houston Livestock's reasons – of being unprofessional, stealing tip money, and drinking on the job – were pretextual.

She claims that she had no negative evaluations until she complained about Simpson. She also says that her drinking on the job did not "violate [Houston Livestock's] policy as written" and that she followed the tip pool protocols. She also gives statements of other employees speaking positively about her to say she acted professionally.

The evidence does not support her claim – no matter how artfully she attempts to twist it. Guidry complained about Simpson. He was fired. She was promoted in his place. After she was promoted, other employees complained about Guidry. Houston Livestock investigated and fired her. Guidry admits in her own deposition that she did not think that Houston Livestock retaliated against her because of her Simpson complaint. She cannot show that she was fired because of her complaint.

The evidence Guidry gives to show the reason she was fired was pretextual is insufficient. Guidry testified in her deposition that the tip pool required management's approval and that she did not receive it. Also, just because some employees liked her as a boss while others complained does not make her firing pretextual. Houston Livestock does not have to treat their employees reports as a game where five positive evaluations would negate one negative. One corroborated negative complaint could justify firing an employee – even a predominately well-liked one.

Because Guidry cannot show that Houston Livestock firing her was causally related to her complaint about Simpson, her retaliation claim fails.

---

[2] *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015).

4.  Conclusion.

Nicolette Guidry will take nothing from Houston Livestock Show and Rodeo, Inc.

Signed on April 7, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge